UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80288-CIV-MARRA/MATTHEWMAN

JUAN MALDONADO et al.,

Plaintiffs,

vs.

SYLVIA JEANNE EVANS, individually
and as personal representative of the
Estate of Nelson Julio Hernandez,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant's Motion for Remand (DE 6). The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

This case involves the removal of a state court action involving the probate of the will of Nelson Julio Hernandez ("decedent"). Sylvia Jeanne Evans ("Evans"), who has been named as Defendant in this action, has been appointed the personal representative of the decedent by the probate division of the Circuit Court of Palm Beach County. (Letters of Administration, DE 6-1.) Juan Maldonado, who proceeds as a Plaintiff in this action[1] and acts as power of attorney for Faustino Alfonoso Garcia Abislaiman and Polo Real Estate Company, filed a verified petition for revocation of probate, objection to the notice of administration and removal of personal representative in the state court probate action and filed an adversarial action against Evans in the state probate court. (Pet. for Revocation of Probate, DE 6-2; Motion to Freeze, DE 6-3.) On

---

[1] Polo Real Estate Company also proceeds as a Plaintiff in this action.

December 12, 2013 and January 15, 2014, the state court probate judge denied Maldonado's motion to freeze assets and the related motions for reconsideration and rehearing. (Order denying motion, DE 6-4; Order denying motion for rehearing and reconsideration, DE 6-6.) On February 25, 2014, final judgment in favor of Evans and against Maldonado was entered in the state probate court. (Final Judgment, DE 6-7.)

On February 26, 2014, Maldonado and Polo Real Estate Corporation filed a "Plaintiffs' Notice of Removal" with this Court. (Notice, DE 1.) The Notice of Removal states "[a]lthough the Florida probate case was not originally removable when filed, it became removable on February 14, 2014 when the Notice of Related Cases in Puerto Rico involving the same parties and contested issues of material fact corresponding to the Puerto Rico law was filed into the Florida probate case." (Notice ¶ 2.) The Notice of Removal also states there is complete diversity between the parties because Abislaiman and Polo Real Estate Company are citizens of Puerto Rico and Evans is a citizen of Florida and the amount in controversy exceeds $75,000.00 (Notice ¶ 3.) Despite being instructed to file the state court records with this Court, the removing parties have failed to do so. (DE 3.)

On February 27, 2014, Maldonado and Polo Real Estate Company filed a document entitled "Plaintiff's Original Complaint" with this Court. (DE 4.) That two-count Complaint brings claims for unlawful entry and detention of real property (count one) and conversion (count two) against Evans.

Evans moves to remand the case and argues that it was improper for Plaintiffs to remove the case, that Plaintiffs actively litigated the case in state court and only sought removal once they received a final judgment against them. Evans also moves for attorney's fees.

2

II. Discussion

It is axiomatic that federal courts are courts of limited jurisdiction. Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001).  A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction.  28 U.S.C. § 1332(a)(1). Jurisdiction based on diversity of citizenship exists in civil actions where the amount in controversy exceeds $75,000 and the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1).  "Title 28 U.S.C. § 1446[2] authorizes removal only by defendants and . . . [p]laintiffs cannot remove."  Ballard's Svc. Ctr., Inc. v. Transue, 865 F.2d 447, 449 (1st Cir. 1989); Untracht v. Fikri, 454 F. Supp. 2d 289, 328 (W.D. Pa. 2006) ("Removal by a plaintiff is not permitted because the plaintiff had the original choice of forum").  Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand.  See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  The removing party has the burden of demonstrating the propriety of removal.  Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996).

Here, there are numerous grounds to grant the motion for remand.  First and foremost, a plaintiff cannot remove a case to federal court.  See Ballard's, 865 F.2d at 449.  Only a defendant can.  Second, "litigating a case on the merits" waives the right to remove a state court action to federal court.  Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246

---

[2] Title 28 U.S.C. § 1446 provides in part:

(a) Generally.--*A defendant or defendants* desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . .

28 U.S.C. § 1446 (emphasis added).

3

(11th Cir. 2004). Here, Maldonado filed numerous motions in state court and judgment was entered against him. It was at that point Maldonado sought to remove the case. Lastly, under 28 U.S.C. § 1446(b),[3] removal of an action must be filed within 30 days after receipt by the defendant of the initial pleading. <u>Bailey v. Janssen Pharm., Inc.</u>, 536 F.3d 1202, 1204-05 (11th Cir. 2008). Thus, even if Plaintiffs were able to remove a case to federal court, they did not do so in a timely fashion.[4] For these reasons, the motion for remand is granted.

Finally, the Court finds that Evans is entitled to attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). <u>See</u> <u>Liebig v. DeJoy</u>, 814 F. Supp. 1074, 1077 (M.D. Fla. 1993) ("The award of attorney's fees and costs under this section is completely discretionary with the trial court.") "The appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" and this determination "should turn on the reasonableness of the removal."

---

[3] Title 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

[4] The removing parties attempt to circumvent the 30 day requirement by citing to the filing on February 14, 2014 of a document described as a "Notice of Related Cases in Puerto Rico involving the same parties and contested issues of material fact corresponding to the Puerto Rico law." This document has not been filed with the Court. Nevertheless, based on its title, the Court can see no basis for concluding that it would constitute a "paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). If the asserted jurisdictional basis for removal is diversity of citizenship, the facts supporting such jurisdiction were know at the outset of Plaintiffs' involvement in the state court proceedings.

Martin v. Frankling Capital Group, 546 U.S. 132, 136 (2005).  Simply put, Plaintiffs had no objectively reasonable basis for removing this case.  In their response to the motion to remand, Plaintiffs only refer to the asserted fact that diversity of citizenship jurisdiction exits. Plaintiffs completely ignore all of the procedural deficiencies in their attempt to remove this case, particularly the fact that they are plaintiffs who cannot remove a case, and the fact that the case was not removed timely.  Evans may recover the actual amount of attorney's fees and costs incurred as a result of improper removal of this action, subject to the Court's approval.

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Remand (DE 6) is **GRANTED**.  This matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.  Evans shall **have 14 days from the date of entry of this Order** to submit to this Court her submission indicating the actual expenses and attorney's fees incurred with respect to the improper removal of this action.

The Clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st  day of April, 2014.

_____
KENNETH A. MARRA
United States District Judge